T.C. Summary Opinion 2004-130


UNITED STATES TAX COURT


DAVID A. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 11482-02S.          Filed September 20, 2004.


David A. Brown, pro se.

<u>Marc L. Caine</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, all subsequent section references are to the Internal

---

[*]  This report is a supplement to <u>Brown v. Commissioner</u>,
T.C. Summary Opinion 2004-45, filed Apr. 6, 2004, hereafter
referred to as the "previous opinion".

Revenue Code as amended. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

In the previous opinion we remanded this case "for further proceedings as to 1996 concerning the issue of an abatement of interest and particularly whether petitioner made a payment of the amount due in accordance with instructions from respondent's representative (Ms. Ogle)." We ordered that respondent offer petitioner an administrative hearing and further ordered that each party submit a status report. The parties have complied with our order.

In his status report petitioner states his position as follows:

> A final payment due was made in 1999 based on an amount given to me by the Taxpayer Advocate Office (a representative of the IRS). The records of that office are no longer available to substantiate my claim. The IRS has substantially inflated the interest amount of which I seek abatement, before and after final payment in 1999. It is the IRS failed process, which has contributed to the prolonged nature of this case.

In support of this position petitioner explains that he met with Settlement Officer Elissa Sharp and Robert A. Rosenblatt, Appeals Team Manager.[1] Petitioner complains that Ms. Sharp was "unprofessional," that he had to request Mr. Rosenblatt's

---

[1] Petitioner described them as "Appeals Officers".

presence, and that "The Appeals Office did not grant a fair hearing".

Petitioner further explains that in preparation for his meeting with Ms. Sharp and Mr. Rosenblatt he called Ms. Diane Hakam, Department Manager of the Taxpayer Advocate's Office in Holtsville, Long Island. As noted above and in our previous opinion, petitioner alleges that in October 1999, Ms. Ogle of the Taxpayer Advocate's Office provided petitioner a final payout figure of $14,172 for resolution of his outstanding tax obligations for 1995 and 1996. Petitioner states that Ms. Hakam informed him that a file was not available for his examination because the records in question had been destroyed after one year in accordance with office policy. Petitioner explains that he "did not request such a document in 10/99 because I trusted the taxes were payed in full, relying on representation of the Taxpayer Advocate's Office." Petitioner describes his attachments to his status report as a "fax from me to Ms. Ogle confirming the final tax payment due" and four other documents allegedly showing his correspondence with employees of the IRS prior to the "final payment date".

Respondent's status report states that petitioner appeared for hearing at the Long Island, New York Appeals Office so that the settlement officer might consider the specific issues mentioned in our Order dated April 9, 2004. Respondent further

reports that on August 10, 2004, respondent issued a Supplemental Notice of Determination Concerning Collection Action(s) under Section 6330 Issued July 28, 2004 (Supplemental Notice) in which Settlement Officer Elissa Sharp considered the issue whether petitioner made a payment pursuant to respondent's representative's instructions and also determined that petitioner has no cause for abatement of interest for 1996. Respondent attached a copy of the Supplemental Notice.

In the Supplemental Notice, respondent's Appeals Team Manager, Robert A. Rosenblatt, and Settlement Officer, Elissa Sharp (hereafter collectively referred to as the settlement officer), report that after delays and at least one cancelled appointment petitioner appeared for the hearing conducted in the presence of Mr. Rosenblatt and Ms. Sharp on July 28, 2004. The Supplemental Notice states that at the hearing petitioner stated that he had paid the amount Ms. Ogle told him to pay. When asked to present written substantiation of this claim, petitioner presented a copy of Form 12153, Request for a Collection Due Process Hearing, requesting the initial hearing, a photocopy of an allegedly faxed letter requesting assistance from a Bonnie Fuentes, whose position in this matter is unexplained, a letter from Ms. Ogle dated October 6, 1999, requesting a revised Schedule D, Capital Gains and Losses, reporting all petitioner's wife's stock sales, and a photocopy of a handwritten letter

allegedly faxed to Ms. Ogle on October 31, 1999. In the letter he stated: "I would like to mail a check of $14,172 total for 1995 & 1996, which you indicated was amount due." The settlement officer states that there were no corresponding verifications of the faxed transmissions or any documents from Ms. Ogle stating that the correct amount of tax penalties was $14,172. The settlement officer further states: "On May 25, 2004, Ms. Sharp contacted Ms. Ogle who stated she had no recollection of the case and that the files had been destroyed as per their procedures."

The settlement officer summarized respondent's transcript concerning petitioner for 1995 and 1996 and concluded that the underpayment amount in dispute was equal to the $368 miscellaneous penalty assessed for 1995 and the $2,207.72 late filing penalty assessed for 1996. The settlement officer concludes that the circumstances show that petitioner "intended not to pay the miscellaneous penalty for 1995 and the late filing penalty for 1996."

With respect to the abatement of interest the settlement officer points out that section 6404(e) allows abatement of interest if the IRS's error or delay is in performing a "ministerial" act. The settlement officer argues that the IRS action here concerns the application of the law and not ministerial acts and that any delays or errors are attributable to the taxpayer.

The dispute here comes down to a question whether Ms. Ogle reached an agreement with petitioner for settlement of his tax obligations concerning 1995 and 1996 for $14,172. The documents and materials presented by petitioner indicate that he proposed a settlement. There is no evidence that Ms. Ogle agreed to the settlement except petitioner's unsupported testimony and argument. Petitioner's explanation of his reason for failing to obtain written evidence of his alleged settlement agreement is unconvincing. On this record we conclude that Ms. Ogle did not agree with petitioner on a settlement figure, although petitioner may have made such a proposal. Consequently we agree with respondent that because petitioner caused the delay in the payment of the correct amount, he is not entitled to abatement of interest under section 6404(e). We conclude that petitioner has had a fair hearing on the issues presented in the previous case and in this case on remand and that respondent's determination as set forth in the Supplemental Notice was not an abuse of discretion.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.